OPINION of the Court, by
Judge Logan.
Caldwell, as the assignee of Thompson, prosecuted to judgement a suit against one of two obligors, and sued out an execution against his estate ⅛ upon, which the sheriff n turned, “ no property found.” He also proceeded against the other obligor, who afterwards entered special bail m the action, and confessed judgment. Caldwell thereupon sued out a capias ad satisfaciendum against both obligors, which the sheriff returned “ executed, and defendant released by order of the county court of Mercer.”
• Under this state of the case, Caldwell instituted his action against the assignor, and it is now for the court to decide whether he has made out a proper cause of action ?
The doctrine must be considered as settled, that the assignor is responsible to the assignee, upon his having used due diligence by suit to get the money from the obligor and failed. In the case of Smallwood vs. Wood, decided October 1809, (vol. I, 542,) it was ruled that a capias ad satis faciendum against the debtor, was necessary to give recourse to the assignee against the assignor ; and that «'here bail is given in a cause, the bail ought to be proceeded against upon the return of “ non est inventus to an execution.” That, in short, the as-signee ought to pursue all “ legal process furnished by law for having or compelling execution of the judgment.”
In the case under consideration, a fieri facias was issued against, one of the obligors only, and a capias ad satisfaciendum against them both, which last execution the officer returned ” executed.”
Limiting the evidence in the cause to this return, and the assignee would not have done all the law requires of him, to entitle him to his recourse against the assignor. He would have stopped short “ ol the process furnished him by law, for having or compelling execution of the judgment.” Against one of die obligors, a fieri facias never issued, and there is no evidence furnished of his insolvency. From the return of “ executed,” on the execution against the persons, it ought not to be inferred by the court, for the purpose of making *291 out a cause of action for the plaintiff, that the debt might not be made against the estate of the obligor, against whose property no execution had issued. From the return “ executed” to the capias ad satisfaciendum, the assignee may still have the debtors in custody ; or they may have discharged themselves from confinement, by paying the debt.
But to obviate these objections, the assignee relies on that part of the sheriff’s return shewing the release of a “ defendant by order of the county court of Mercer.” Which of the two defendants, it may be asked, does the return show to have been released ? It may have been the one against whom a fieri facias had been issued, and a return thereon of u no property found and yet the other able to pay the debt. We know however, of no law which authorised the county court to release a debtor 5 so that it seems very questionable whether that part of the sheriff’s return ought to be taken as prima facie evidence, from which to infer such a discharge as would give the assignee recourse over against the assignor. But we are of opinion that in this case the return, in order to make out a causé of action against the assignor, ought to have been less equivocal and dubious in itself. The plaintiff ought to make out a proper cause of action, freed from so much doubt whether he has availed himself of the process and means furnished him by law to compel the payment of the debt by the obligors ; especially, where his right to recover is from an implication, of law that the defendant will pay the debt, in case the plaintiff cannot get it from the ob-ligor by using due diligence with the means furnished by law to compel its payment. We are therefore of opinion, that the circuit court erred in refusing to instruct the jury, upon the ¡notion of the defendant’s counsel, that the plaintiff had failed to sh o w from e vidence a proper cause of action against the assignor.
Wherefore it is considered by the court, that the judgment of the circuit court be reversed, that the verdict of the jury be set aside, and that the cause be re-, tnaadcd to the said court, for a new trial, &c.